# McNutt, Appellant, v. Bakewell.

*Judgment—Foreign judgment—Service by publication—Assessment on stock.*

1. A defendant in a foreign judgment recovered in a proceeding to collect an assessment on stock, who has been served only by publication, cannot be sued on such judgment in this state, where it appears that in the foreign statute relating to service by publication, there is no authorization of service by publication in proceedings to enforce the liability of stockholders to creditors, and the statute by its very terms negatives the implication of the consent of stockholders to such a service because of their membership in a corporation.

*Statute of limitations—Liability—Remedy—Operation in other jurisdictions—Conflict of laws.*

2. Where a new liability is created by statute to be enforced only within a given period, the time within which suit must be brought operates as a limitation of the liability, and not merely as a limitation of the remedy, and the limitation is operative in any jurisdiction where it is sought to enforce the cause of action.

Argued Nov. 3, 1908. Appeal, No. 235, Oct. T., 1908, by plaintiff, from order of C. P. No. 2, Allegheny Co., April T., 1906, No. 947, discharging rule for judgment for want of a sufficient affidavit of defense in case of John S. McNutt, receiver of assessments upon the statutory liability of stockholders of the Salem Church Organ Company, v. Thomas H. Bakewell. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Assumpsit upon a foreign judgment.
Rule for judgment for want of a sufficient affidavit of defense.

SHAFER, J., filed the following opinion:
The action is assumpsit upon a judgment of a court in the state of Ohio against the defendant in favor of the creditors of the Salem Church Organ Company for $9,200. From the pleadings it appears that the Salem Church Organ Company was a corporation of the state of Ohio and that the defendant was a stockholder therein; that the constitution of Ohio made the

stockholders of corporations liable to creditors of the company for its debts and liabilities to an amount equal to the stock held by them; that the company was organized in November, 1888, and that shortly thereafter defendant removed from the state of Ohio and has not since been a resident of that state; that in 1897, the church organ company became insolvent and a receiver was appointed; and that in 1898 an action was begun on behalf of the creditors against the stockholders to enforce the constitutional liability above mentioned. It appears that there was no provision of law in the state of Ohio for service by publication or otherwise upon nonresidents until such provision was made by an act of the year 1900, and that thereafter the receiver appointed by the Ohio court proceeded against the present defendant under the provisions of the act of 1900 by advertisement as therein directed, and upon a service by advertisement only, the defendant being out of the jurisdiction of the court, the case was so proceeded in that judgment upon which this suit was brought was rendered against the defendant herein for his share of the debts of the company owing to its creditors, not exceeding the amount of stock held by him.

The defendant has set up quite a number of matters which he claims to constitute a sufficient defense to the claim of the plaintiff in this case. We do not deem it necessary to pass upon more than one of these, as it, in our opinion, is decisive against the plaintiff. It is of course conceded that while we must give full faith and credit to the proceedings of the Ohio court, we are yet bound to inquire whether that court had jurisdiction of the person of the defendant. It is conceded by the plaintiff that as a general rule no judgment in personam which is to have extraterritorial effect can be rendered without personal service, but it is claimed that there is an exception to that rule where constructive service may be considered to have been consented to by the defendant in advance, and that this is such a case. If the Ohio statute authorizing constructive service had been in force when the defendant became a stockholder, it would be easier to argue that the defendant by becoming a stockholder consented to such service, but aside from that we are not convinced that the mere purchase of stock in a corporation

is a consent to be represented by the corporation or to be a party to anything more than the necessary adjudgment of the affairs of the corporation as between stockholders. The liability upon which the action in the Ohio court was based, is not a liability to the corporation but to the creditors of the corporation. The corporation itself has no interest in it. It seems to us that the defendant is in the position of one who by force of a statute became a surety for the corporation to its creditors. We are therefore of opinion that the judgment of the Ohio court having been rendered without service upon the defendant, it can have no extraterritorial effect, and is therefore not a sufficient basis of an action here.

The rule is therefore discharged.

*Error assigned* was the order of the court.

*A. O. Fording,* for appellant.

*Edwin W. Smith,* of *Reed, Smith, Shaw & Beal,* for appellee.

PER CURIAM, January 4, 1909 :

A number of reasons on which the defendant relies to prevent judgment are set out in the affidavit of defense, in addition to the one on which the order of the court discharging the rule for judgment is based.

Two of these should be briefly noticed. One is that the defendant was not brought within the jurisdiction of the Ohio court by service by publication. The proceeding in which a constructive service was made was to enforce an assessment made on the stock to pay creditors by obtaining a personal judgment against the defendant. The action in this state was upon the judgment so obtained. In the parts of the Ohio statute recited in the statement of claim, there is no authorization of service by publication in proceedings to enforce the liability of stockholders to creditors, and the statute itself negatives the implication of the consent of stockholders to such a service because of their membership in the corporation, by expressly providing that "judgment shall be rendered against stockholders who have been served with summons for the pro

rata amount for which they would be liable if all solvent stockholders residents of the state were served with summons;" and by providing for service by publication in proceedings to collect the amount unpaid on stock.

Another reason presented by the affidavit of defense was that the action was not brought within the time to which the liability was limited by the Ohio statute, nor within the time fixed by the statute of limitations in Pennsylvania. The corporation was adjudged insolvent, and a receiver was appointed in November, 1897. The attempt to bring in the defendant by publication was made in January, 1904, and the action in the common pleas in this state was begun in March, 1906. An act of the legislature of Ohio amending a section of the revised statutes in relation to proceedings to enforce the individual liability of stockholders, provides that: "An action upon the liability of stockholders can only be brought within eighteen months after the debt or obligation shall become enforceable against stockholders." The statutory liability of stockholders of an Ohio corporation is complete when the corporate property has been placed in the hands of a receiver, and the statute of limitations runs in their favor from that time: Younglove v. Lime Co., 49 Ohio, 663. Where a new liability is created by statute, to be enforced only within a given period, the time within which suit must be brought operates as a limitation of the liability and not merely as a limitation of the remedy, and the limitation is operative in any jurisdiction where it is sought to enforce the cause of action: Railway Co. v. Hine, 25 Ohio, 629 ; The Harrisburg, 119 U. S. 199.

For these reasons as well as for that discussed in the opinion of the learned judge of the common pleas, the judgment of the court is affirmed.